[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 17, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-14740
Non-Argument Calendar

_____

D. C. Docket No. 06-00001-

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FLAVIO CUERO-ESTACIO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(April 17, 2007)**

Before ANDERSON, DUBINA and BARKETT, Circuit Judges.

PER CURIAM:

Appellant Flavio Cuero-Estacio appeals his concurrent 151-month sentences

for conspiracy to possess and possession with intent to distribute five or more

kilograms of cocaine while aboard a vessel subject to United States jurisdiction in

violation of 46 U.S.C. App. § 1903(a), (g), and (j),[1] 21 U.S.C. § 960(b)(1)(B)(ii),

and 18 U.S.C. § 2.  Cuero-Estacio argues on appeal that (1) the district court erred

in refusing to grant him a minor role reduction, and (2) his sentence was

unreasonable.

## I.

We review the district court's determination of a defendant's role in an

offense for clear error.  *United States v. De Varon*, 175 F.3d 930, 938 (11th Cir.

1999) (*en banc*).  The district court has "considerable discretion in making this

fact-intensive determination."  *United States v. Boyd*, 291 F.3d 1274, 1277-78

(11th Cir. 2002).  The defendant bears the burden of proving his minor role by the

preponderance of the evidence.  *De Varon*, 175 F.3d at 939.

In determining a defendant's role, the district court must first "measure the

defendant's role against [his] relevant conduct." *De Varon*, 175 F.3d at 934.   "In

other words, the district court must assess whether the defendant is a minor or

minimal participant in relation to the relevant conduct attributed to the defendant in

---

[1] The appendix to Title 46 containing the subject provisions was repealed effective October 6, 2006, and reenacted as 46 U.S.C. §§ 70503 and 70506, respectively, with no relevant changes.  *See* Pub. L. No. 109-134, 120 Stat. 1485.

calculating [his] base offense level." *Id.* at 941. We have not established a *per se* rule as to whether a drug courier is or is not entitled to a minor role reduction but have said that "when a drug courier's relevant conduct is limited to [his] own act of importation, a district court may legitimately conclude that the courier played an important or essential role in the importation of those drugs." *Id.* at 942-43. Furthermore, in the drug courier context, "the amount of drugs imported is a material consideration in assessing a defendant's role in [his] relevant conduct" and, in some cases, could be dispositive. *Id.* at 943.

Although analysis under the first principle may be dispositive in the court's determination of the defendant's role, the district court may also measure the defendant's culpability in comparison to that of other participants in the relevant conduct attributed to the defendant. *Id.* at 944. When measuring a defendant's conduct against other participants' conduct, a district court may consider only those participants who are identifiable by the evidence and who were involved in the relevant conduct for which the defendant was convicted. *Id.* "The fact that a defendant's role may be less than that of other participants engaged in the relevant conduct may not be dispositive of [his] role in the offense, since it is possible that none are minor or minimal participants." *Id.* "[T]he district court must determine that the defendant was less culpable than *most other participants* in [his] relevant

3

conduct." *Id.* (emphasis in original).

Here, the record demonstrates that Cuero-Estacio's relevant conduct was identical to his actual conduct, a large amount of cocaine (almost 3,000 kilograms) was involved, and, except for the captain, nothing in the record indicated that Cuero-Estacio was less culpable than other crew members on the vessel. Thus, he was not less culpable than the other participants in the conspiracy and the district court's denial of a role reduction was not clearly erroneous.

## II.

Cuero-Estacio next argues that his sentence was unreasonable because (1) he will not be able to take care of his family, (2) his likelihood of recidivism is low, (3) a sentence below guideline range would have been sufficient, and (4) the sentence creates unwarranted sentencing disparities.

When reviewing a sentence imposed by the district court, we must first ensure that the district court correctly calculated the guideline range. *United States v. Winingear*, 422 F.3d 1241, 1245 (11th Cir. 2005). Then, we review the sentence for reasonableness in light of the factors set forth in 18 U.S.C. § 3553(a). *Id.* at 1246. We review only the final sentence, rather than individual decisions made during the sentencing process. *Id.* at 1245. "Review for reasonableness is deferential." *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005).

Furthermore, although a sentence within the guideline range is not *per se* reasonable, "when the district court imposes a sentence within the advisory Guidelines range, we ordinarily will expect that choice to be a reasonable one." *Id.* Additionally, the sentence's relation to the statutory maximum may indicate reasonableness. *See Winingear*, 422 F.3d at 1246 (comparing the sentence imposed to the statutory maximum in determining its reasonableness).

A sentencing court is charged with imposing a sentence that is "sufficient, but not greater than necessary" to reflect the seriousness of the offense, afford deterrence, protect the public from further crimes of the defendant, and provide the defendant with educational or vocational training, medical care or other treatment. 18 U.S.C. § 3553(a)(2). Furthermore, under § 3553(a), a court should consider, *inter alia*, (1) the nature and circumstances of the offense and the history and characteristics of the defendant, (2) the need for the sentence imposed to reflect the seriousness of the offense, deter criminal conduct, and protect the public from further crimes of the defendant, (3) the kinds of sentences available, (4) the sentencing guidelines, and (5) the need to avoid unwarranted sentence disparities among similar defendants. 18 U.S.C. § 3553(a). The district court does not need to explicitly consider every factor from § 3553(a) on the record; some indication in the record that the court adequately and properly considered appropriate factors in

conjunction with the sentence will be sufficient. *United States v. Scott*, 426 F.3d 1324, 1329 (11th Cir. 2005).

Because the record demonstrates that the district court accurately calculated the sentencing guidelines range, considered the § 3553(a) factors, and sentenced Cuero-Estacio well below the statutory maximum and within the guideline range, we conclude that Cuero-Estacio's sentences were reasonable. Accordingly, we affirm Cuero-Estacio's sentences.

**AFFIRMED.**